UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES</u>

| **Date:** May 2, 2017 | **Time:** 29 minutes<br>1:32 p.m. to 2:01 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 17-cv-00485-WHO<br><br>17-cv-00574-WHO<br><br>17-cv-01535-WHO | **Case Name:** City & County of San Francisco v. Donald J. Trump<br><br>County of Santa Clara v. Donald J. Trump, et al.<br><br>City of Richmond v. Donald J. Trump, et al. | |

**Attorneys for Plaintiffs:**   Mollie Lee, Sara Eisenberg, Ronald P. Flynn (San Francisco)
            Daniel Purcell and L. Javier Serrano (Santa Clara)
            Nancy L. Fineman and Brian Danitz (Richmond)
**Attorney for Defendant:**   W. Scott Simpson

**Deputy Clerk:** Jean Davis                **Court Reporter:** FTR Recording

PROCEEDINGS

Counsel appear for combined case management conference in related cases.  Court inquires whether counsel have talked about the best way for the matters to proceed in light of the preliminary injunction.  No agreements have been reached.

City of Richmond's pending motion for injunction discussed.  The Court inquires whether oral argument on the motion is necessary in light of the existing ruling issued on essentially identical motions filed by the City and County of San Francisco and the County of Santa Clara.  After discussion, the Court indicates that oral argument is probably not necessary.  The hearing set for May 9, 2017 is VACATED.  If the Court wants oral argument, the hearing will be rescheduled.

Briefing schedule for the 1373 claims related to the City and County of San Francisco discussed, as well as the possible need for discovery.

Counsel for Santa Clara County queried on any discovery needs.

Counsel for prospective intervenor (William Freeman) queried regarding the benefits to the overall litigation that would result from granting the motion to intervene and allowing the participation of the YWCA as a party rather than an amicus.  The Court indicates that it is unlikely to grant the request to intervene.

It is the Court's desire that any motions addressing similar issues in the three cases be scheduled for the same hearing date. Discovery may proceed now, although counsel indicate that this will likely not be a discovery intensive case. Plaintiffs' counsel in the three cases are directed to coordinate and send one set of discovery requests (rather than three separate ones) to avoid unnecessary duplication.

Government counsel asks to delay filing motions to dismiss until June 6th, 7th, and 8th, in part because he will be out of the office in the middle of May. Plaintiffs are concerned that the Government may use this time to seek a stay of the case. Government counsel represents that this is highly unlikely, but cannot bind the Government. The Court suggests, and counsel agree, that they stipulate to the extension on the Government's representation that it will not use the delay caused by its request in any way to prejudice plaintiffs. Government's request is granted on that basis; the standard briefing schedule will apply, and the motions will be heard July 12, 2017 at 2:00 p.m. if oral argument is required. Counsel should meet and confer following the conference to prepare an appropriate stipulation to prevent any prejudice to plaintiffs stemming from the delay.

**PRETRIAL SCHEDULE:**

| | |
|---|---|
| **Fact discovery cutoff:** | **October 31, 2017** |
| **Deadline for filing dispositive motions:** | **November 30, 2017** |
| **Dispositive Motions heard by:** | **January 10, 2018** |
| **Pretrial Conference:** | **April 2, 2018 at 2:00 p.m.** |
| **Trial:** | **April 23, 2018 at 8:00 a.m. by Court** |